21-1477-cv
*Henderson v. Greenville Central School District*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22ⁿᵈ day of June, two thousand twenty-two.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

_____

RACHEL HENDERSON,

                *Plaintiff-Appellant,*                    21-1477-cv

          v.

GREENVILLE CENTRAL SCHOOL DISTRICT,
GREENVILLE BOARD OF EDUCATION, JENNIFER
HOWARD, as a Member of the Greenville Board of
Education, PATRICIA MACKO, as a Member of the
Greenville Board of Education, DUNCAN
MACPHERSON, as a Member of the Greenville Board
of Education, MICHAEL MCANENY, as a Member of
the Greenville Board of Education, TRACY YOUNG,
as a Member of the Greenville Board of Education,
RAYMOND ALBIN, as a Member of the Greenville
Board of Education, TAMMY J. SUTHERLAND, as
Superintendent of Schools of Greenville Central
School District,

*Defendants-Appellees.*[*]

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ASHLYNN R. SAVARESE (Kevin A. Luibrand, *on the brief*), Luibrand Law Firm PLLC, Latham, NY. |
| **FOR DEFENDANTS-APPELLEES:** | GIANCARLO FACCIPONTE (Charles C. Spagnoli, *on the brief*), The Law Firm of Frank W. Miller PLLC, East Syracuse, NY. |

Appeal from an order and judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

Rachel Henderson alleges that Greenville Central School District ("Greenville") fired her from her job as an aide/monitor in retaliation for her inquiries about a potentially dangerous student at Greenville High School in violation of the United States Constitution, *see* 42 U.S.C. § 1983; U.S. Const. amend. I, and the New York Constitution, N.Y. Const. art. I, § 8. The District Court granted summary judgment for Greenville, concluding that Henderson's inquiries were not speech on a matter of public concern, and therefore were not constitutionally protected. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the District Court's grant of summary judgment. *See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017). To establish that her speech was protected, Henderson must demonstrate that it "addressed a matter of public concern." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 95 (2d Cir. 2020) (citation omitted). "Whether speech is on a matter of public concern is a question of law, and is to be answered by the court after examining the content, form, and context of a given statement, as revealed by the whole record." *Montero v. City of Yonkers*, 890 F.3d 386, 399 (2d Cir. 2018) (citation and internal quotation marks omitted).

In determining whether Henderson's speech was a matter of public concern, we "focus on the motive of the speaker and attempt to determine whether the speech was calculated to redress personal grievances or whether it had a broader public purpose." *Lewis v. Cowen*, 165 F.3d 154, 163–

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

64 (2d Cir. 1999). With respect to this context inquiry, Henderson argues that she was "concerned about a dangerous person in the school." Appellant's App'x 149. But the undisputed record evidence shows that Henderson's safety concern centered on that person's relationship to her son. For example, she "want[ed] to check and make sure that [the student in question was] not near [her] kids," Appellees' App'x 35, described her "fear[] for the safety and well[-]being of [her] son," *id.* at 681, and expressed concern that her son "was smaller in stature" than the student in question, *id.* at 565. Such "speech that principally focuses on an issue that is personal in nature and generally related to the speaker's own situation . . . —even if touching on a matter of general importance— does not qualify for First Amendment protection." *Agosto*, 982 F.3d at 95 (citation and internal quotation marks omitted).

Of course Henderson's motivation is not dispositive, as this "would mean that only those persons with the least amount of firsthand knowledge about the subject matter could utter speech without fear of government reprisal." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 167 (2d Cir. 2006) (citation omitted). But it is undisputed that the content of Henderson's speech suggested a lack of such firsthand knowledge. Henderson testified that she "knew nothing" about the student, Appellees' App'x 76, including his "first name," *id.* at 45, and sought only to "gather information," *id.* at 655. And she felt compelled to inquire a second time because "as a parent, [she] wanted to get some advice from somebody that [she] . . . kn[e]w." *Id.* at 38. Her search for personal comfort—"to get to the bottom of this . . . situation"—may be "understandable," but it does not suggest that her fact-gathering inquiries should be "elevated . . . to a matter of public concern." *Nagle v. Marron*, 663 F.3d 100, 108 (2d Cir. 2011).

Finally, while it is not dispositive, *see Montero*, 890 F.3d at 401, there is no evidence materially disputing that the form of Henderson's inquiries suggests that they did not relate to a matter of public concern, *see Borough of Duryea v. Guarnieri*, 564 U.S. 379, 398 (2011). Rather than follow Greenville's policy requiring that safety concerns be reported to building administrators—which Henderson's testimony about "how you handle issues" does not materially dispute, Appellees' App'x 46—Henderson spoke privately with her colleagues. These private inquiries "suggest[] the absence of a matter of public concern." *Agosto*, 982 F.3d at 95.

We have reviewed all of the remaining arguments raised by Henderson on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 14, 2021, order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court